ANNIE M. BROWNE *vs.* NEW YORK & NEW ENGLAND RAILROAD COMPANY.

Norfolk.    December 1, 2, 1892. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Employers' Liability Act.*

In an action against a railroad company for personal injuries, it appeared in evidence that the switchman had been sent to throw the switch as a flying switch was to be made; that the engine, with its head facing the cars, was backing and pulling the train along towards the switch; that it had slackened its speed, to let the brakeman pull out the pin and thus to uncouple the caboose car from the engine; that he had hold of the chain attached to the pin, but did not succeed in pulling it out, yet gave the signal for the engineer to start along; that the engineer started faster; that as soon as the engine passed the switch the switchman, without seeing that the caboose car was still coupled to it, threw the switch; and that the coupling held, the caboose car was pulled off the track and

tipped over, and the brakeman was killed.  The pin and the hole in the "stiff-shackle" through which the pin dropped were in good condition, and the reason why the brakeman could not pull it out was that the engine was pulling the train and he did not succeed in getting it out at the moment when the engine slack-ened its speed.  *Held,* that the giving of the signal for the engineer to start faster before the pin was pulled out contributed directly to the accident, and that the plaintiff, who was the brakeman's next of kin dependent, having failed to show that his acts did not contribute to the accident, could not recover under St. 1887, c. 270.

TORT by the plaintiff, as the next of kin dependent, to re-cover for the death of her son, William D. Browne, under the St. of 1887, c. 270.   Trial in the Superior Court, before *Maynard,* J., who directed a verdict for the defendant; and the plaintiff alleged exceptions.  The material facts appear in the opinion.

*G. W. Anderson,* for the plaintiff.

*F. A. Farnham,* for the defendant.

ALLEN, J.   The accident occurred in this way.   A flying switch was to be made.   The switchman had been sent to throw the switch.   The engine, with its head facing the cars, was backing and pulling the train along towards the switch.   It had slackened its speed to enable Browne to pull out the pin and thus to uncouple the caboose car from the engine.   He had hold of the chain attached to the pin, but he did not succeed in pulling it out, yet gave the signal for the engineer to start along.   The engineer started faster; as soon as the engine got past the switch, the switchman without seeing that the caboose car was still coupled to it threw the switch; the coupling held, the caboose car was pulled off the track, and tipped over; some of the men jumped from it; whether Browne jumped or not is uncertain; at any rate, he was killed.   The pin and the hole in the "stiff-shackle" through which it dropped were in good con-dition.   The reason why Browne could not pull it out was that the engine was pulling the train, and he did not succeed in get-ting it out at the moment when the engine slackened its speed.

The giving of the signal for the engineer to start faster, before the pin was pulled out, contributed directly to the acci-dent.   It implied that the car was uncoupled.   Had this signal not been given, no accident would have occurred.   The engi-neer would not have started up his engine, but would probably have stopped and pushed the cars back again, and made a new

attempt. After this signal, everybody else had a right to assume that the car had been uncoupled. This seems to be the most probable explanation of the accident. At any rate, the plaintiff did not show that Browne's acts did not contribute to it.        *Exceptions overruled.*